United States District Court
Southern District of Texas
**ENTERED**
January 13, 2023
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| BETTY HOPKINS, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:21-cv-00528 |
| | § | |
| FIESTA MART, LLC, | § | |
| | § | |
| *Defendant.* | § | |
| | § | |
| | § | |
| | § | |

## ORDER

Pending before the Court is Defendant Fiesta Mart, LLC's ("Fiesta Mart" or "Defendant") Motion for Summary Judgment (Doc. No. 20). Plaintiff Betty Hopkins ("Hopkins" or "Plaintiff") responded in opposition (Doc. No. 22), Defendants replied (Doc. No. 23), and Plaintiff filed a surreply (Doc. No. 25). Having considered the Motion and the applicable law, the Court hereby **GRANTS** Defendant's Motion for Summary Judgment.

### I.   Background

This case centers on a premises liability claim related to an incident that allegedly took place at a Fiesta Mart grocery store. Plaintiff initially filed this lawsuit in the 458th Judicial District Court of Fort Bend County, Texas, alleging claims for premises liability and respondeat superior.[1] (Doc. No. 1-3). The facts pled in Plaintiff's Original Petition in state court are scant at best. In her Petition, Plaintiff alleges that she suffered serious injuries when she was retrieving a case of water

---

[1] The Court notes that respondeat superior, in and of itself, is not a cause of action.

and several other cases of water fell on her. (*Id.* at 2). She later alleges—apparently in error—that "Defendant breached the duty of ordinary care by allowing the substance to remain on the floor." (*Id.* at 3). Defendant removed this case to this Court. (*Id.*).

Defendant filed this Motion for Summary Judgment, arguing that Plaintiff has failed to demonstrate any evidence to raise a fact issue as to the elements of a premises liability cause of action. (Doc. No. 20) In the alternative, Defendant alleges that the condition of the water bottles was open and obvious, which negates a landowner's duty to warn.[2] (*Id.*). Plaintiff responded in opposition (Doc. No. 22), Defendant replied (Doc. No. 23), and Plaintiff filed a surreply (Doc. No. 25).

## II. Legal Standard

Summary judgment is warranted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "The movant bears the burden of identifying those portions of the record it believes demonstrate the absence of a genuine issue of material fact." *Triple Tee Golf, Inc. v. Nike, Inc.*, 485 F.3d 253, 261 (5th Cir. 2007) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–25 (1986)).

Once a movant submits a properly supported motion, the burden shifts to the non-movant to show that the court should not grant the motion. *Celotex*, 477 U.S. at 321–25. The non-movant then must provide specific facts showing that there is a genuine dispute. *Id.* at 324; *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). A dispute about a material fact is genuine if "the evidence is such that a reasonable jury could return a verdict for the nonmoving

---

[2] The Court will not be addressing Defendant's alternative open and obvious arguments and Plaintiff's subsequent responses because, as pleaded, it is not a recognized defense that precludes recovery under Texas law. *See Parker v. Highland Park, Inc.*, 565 S.W.2d 512, 520 (Tex. 1978) (holding that something being open and obvious does not necessarily preclude recovery, nor should it be "confused with plaintiff's initial and separate burden to prove knowledge of danger on the part of the owner"). Even if the facts display the alleged danger openly and obviously, this is "a matter that bears upon [a plaintiff's] own negligence; it should not affect the defendant's duty." *Id.* at 521.

party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The court must draw all reasonable inferences in the light most favorable to the nonmoving party in deciding a summary judgment motion. *Id.* at 255. The key question on summary judgment is whether there is evidence raising an issue of material fact upon which a hypothetical, reasonable factfinder could find in favor of the nonmoving party. *Id.* at 248. It is the responsibility of the parties to specifically point the Court to the pertinent evidence, and its location, in the record that the party thinks are relevant. *Malacara v. Garber*, 353 F.3d 393, 405 (5th Cir. 2003). It is not the duty of the Court to search the record for evidence that might establish an issue of material fact. *Id.*

### III. Analysis

There are two negligence-related theories upon which a plaintiff may recover from a premises owner: general negligence and premises liability. Although a person injured on another's property may have either a negligence claim or a premises liability claim against the property owner, the two are distinct causes of action and require plaintiffs to prove different, albeit similar, elements to secure judgment in their favor. *United Scaffolding, Inc. v. Levine*, 537 S.W.3d 463, 471 (Tex. 2017). When an injury is the result of a contemporaneous, negligent activity on another's property, ordinary negligence principles apply. *Id.* In such a case, a person must prove negligence, proximate cause, and damages. When the injury is the result of the property's condition rather than an activity, premises liability principles apply. *Id.* The required burden of proof in this area is discussed below.

Defendant argues in its Motion that Plaintiff's "claims sound in premises liability only" and thus, "to the extent [Plaintiff] asserts a separate negligence cause of action, such action should be dismissed as a matter of law." (Doc. No. 20 at 3). This Court agrees. Plaintiff has only pled a premises liability claim, not one based upon a negligent activity. Although Plaintiff's Petition

3

includes a section with a subheading titled "VII. Negligence of Defendant, Fiesta Mart, LLC," the elements described in this section are that of a premises liability claim only, not for general negligence. (*Id.*). Furthermore, the parties' Joint Pretrial does not make any mention of a negligence cause of action outside her premises liability action. (Doc. No. 28).

To succeed on a premises liability claim, an invitee must prove four elements: (1) actual or constructive knowledge of a condition on the premises; (2) that the condition posed an unreasonable risk of harm; (3) that the owner failed to exercise reasonable care to reduce or eliminate the risk; and (4) that the owner's failure to use such care proximately caused the plaintiff's injury. *Diez v. Alaska Structures, Inc.*, 455 S.W.3d 737, 742 (Tex. App.—El Paso 2015, pet. aff.).

Given that Plaintiff has only pled a premises liability claim, Defendant argues that Plaintiff does not have evidence to raise a fact issue with respect to several of the elements of that cause of action. (Doc. No. 20). Specifically, Defendant contends that Plaintiff lacks evidence of: (1) the existence of an unreasonably dangerous condition of the premises, (2) that Defendant had actual or constructive notice of the alleged condition on the premises, and (3) that said condition proximately caused her damage. (*Id.* at 2).

### 1. Plaintiff Fails to Establish the Presence of an Unreasonably Dangerous Condition

Defendant argues that the water bottle display was stable and stacked safely, so no unreasonably dangerous condition existed as a matter of law. (Doc. No. 20 at 4). Plaintiff alleges that the cases of water "had been allowed to remain stacked in the pedestrian aisle in an area designed for use by patrons/invitees," which constituted a dangerous condition posing an unreasonable risk of harm. (Doc. No. 1-3 at 2). Plaintiff also states that she believed the cases of water were not stacked appropriately, which created a dangerous condition.

To address these allegations, Defendant cites to Plaintiff's deposition testimony, where Plaintiff admits she has no evidence of the cases of water being stacked inappropriately outside of her belief that "that's the only way [she could] see them falling." (Doc. No. 20-2 at 25:1-5). Defendant also cites to Plaintiff's answers to the parties' Requests for Admission, where Plaintiff admitted that she has "no evidence that this [alleged] incident was caused by an unreasonably dangerous condition on the premises." (Doc. No. 20-3 at 4).

Defendant further cites to a photograph of the water bottle display at issue, which Defendant argues shows the bottles were "evenly stacked and stable." (Doc. No. 20-1). Defendant contends that Plaintiff has presented no evidence of other customer complaints or incidents attributable to the cases of water that would indicate that an unreasonably dangerous condition existed. (Doc. No. 20 at 6).

In response, Plaintiff cites to her own affidavit and to the same photo Defendant attached of the water cases on display. (Doc. Nos. 22-1, 22-2). In her affidavit, Plaintiff states that after paying for three cases of bottled water, she went to retrieve them from where they were set up on a pallet display. (Doc. No. 22-1 at 2). When she began to lift her first case, she did so "from the first row of cases [on] the row next to the aisle that was lower than the others behind it [when] the cases from the higher stacks" began falling on her. (*Id.*). Plaintiff swears that the water display was stacked on two side by side pallets that had several inches of space between them. (*Id.*). Plaintiff further avers that based on the photograph, the cases of water on the second and third rows on the right pallet were "leaning unevenly into the space between the pallets" and that "the end bottles on the third and fourth rows on the right-hand pallet [were] completely over the space between the pallets and are clearly tilting to the left." (*Id.*). Plaintiff also states in her affidavit that the "bottles at the end of the bottom row and the second row next to the space separating the pallets are

extending into the middle space, and the end bottles on these two rows are clearly raised and uneven" and that "the cases on the third and fourth rows of the left-hand pallet can be seen to extend well beyond the edge of the pallet on the left, or outside, side of the pallet." (*Id.* at 2-3). Finally, Plaintiff avers that the photograph also shows that Defendant did not place any material, such as sheets of hard plastic or wood, between the rows of the stacked cases of water to stabilize them or prevent or minimize the alleged danger of the stack. (*Id.* at 3). The photograph of the water display upon which both parties rely has been reproduced below.



A condition is not unreasonably dangerous simply because it is not foolproof. *See Brinson Ford, Inc. v. Alger*, 228 S.W.3d 161, 162 (Tex. 2007). A condition poses an unreasonable risk of harm when there is a sufficient probability of a harmful event occurring that a reasonably prudent person would have foreseen it or some similar event as likely to happen. *Cohen v. Landry's Inc.*, 442 S.W.3d 818, 827 (Tex. App.—Houston [14th Dist.] 2014, pet. aff.). A determination of whether a particular condition poses an unreasonable risk of harm is generally fact specific and there is no definitive, objective test that may be applied to determine whether a specific condition

presents an unreasonable risk of harm. *Hall v. Sonic Drive-In of Angleton, Inc.*, 177 S.W.3d 636, 647 (Tex. App.—Houston [1st Dist.] 2005, pet. denied). Evidence of other falls attributable to the same condition or evidence of the defectiveness of the condition could be probative but not conclusive on this element. *Dietz v. Hill Country* Restaurants, 398 S.W.3d 761, 766 (Tex. App.—San Antonio 2011, pet aff.).

Even if the Court assumes Plaintiff's statements to be accurate, they do not raise a fact issue as to the existence of a premises defect—that is, a situation where it was unreasonably dangerous. First, based on Plaintiff's own deposition testimony and response to Defendant's Requests for Admission, she concedes that she has no evidence that the incident was caused by an unreasonably dangerous condition on the premises other than her personal speculation that "that's the only way [she could] see them falling."[3] (Doc. Nos. 20-3 at 4; 22-2 at 25:1-5). Plaintiff's testimony does not explain the incident. Her guess is not evidence. Second, despite Plaintiff's description of the various ways the packages of water are stacked, the photo of the display submitted by both parties does not demonstrate a dangerous condition. Third, although Plaintiff argues that the way the water bottles were stacked was dangerous and thus the Defendant was obligated to place sheeting to reinforce the water display stack to prevent it from collapsing, she offers no support for this assertion. Plaintiff is not a safety expert. She has no qualifications to opine as to the alleged danger associated with a display of water and has not submitted affidavits or evidence from relevant experts to attest to these assertions. Certainly, the photograph upon which she relies does not hint of any instability. Without more, Plaintiff's statements about the

---

[3] The Court acknowledges that Plaintiff, in its surreply in opposition to Defendant's Motion for Summary Judgment (Doc. No. 25 at 7) and in a separate filing (Doc. No. 24), moved for leave to amend its responses to Defendant's Requests for Admission. The Court finds, however, that allowing Plaintiff to amend her answer does not make a difference in the outcome of this Order. Plaintiff, regardless of her answer in the Requests for Admission, does not present sufficient evidence to create a genuine issue of material fact as to whether the water bottle display constituted an unreasonably dangerous condition.

infirmities of the water display amount to little more than unsubstantiated opinions about the safety of the display to the Court.

Thus, the Court finds that Plaintiff lacks sufficient evidence to create a genuine dispute of material fact that the water bottle display constituted an unreasonably dangerous condition on the premises.

### 2. Plaintiff Fails to Establish Actual or Constructive Notice

Defendant also contends that Plaintiff fails to present evidence that it knew or should have known of the allegedly dangerous condition. (Doc. No. 20 at 6). Defendant states it did not receive reports of other similar incidents. (*Id.* at 7). Moreover, Defendant argues that Plaintiff is unable to negate the possibility that other customers may have altered the water display without Defendant's knowledge prior to the incident, but within a short enough period of time that Defendant could not have discovered the change. (*Id.*). Further, Defendant contends that Plaintiff is unable to establish how long the water bottles were allegedly stacked unevenly or how the alleged condition arose.

In response, Plaintiff contends that since Defendant created the dangerous condition on its premises, its knowledge of the defect may be inferred. (Doc. No. 22 at 9). First, this argument would be much more relevant to a general negligence claim as opposed to a premises liability claim—bearing in mind that Plaintiff only pled the latter. Secondly, and important to what has been pled, Plaintiff presents no evidence to support this contention, nor does she rebut any of Defendant's contentions.

Instead, Plaintiff cites to *Corbin v. Safeway Stores, Inc.*, which Plaintiff argues is analogous to the case at hand and establishes Defendant's knowledge by inference. 648 S.W.2d. 292, 294 (Tex. 1983). In *Corbin*, a customer sued a Safeway grocery store after slipping on a grape that had fallen from a self-service grape display. *Id.* According to the evidence in that case, when Corbin

8

slipped, there were several ruptured grapes lying around him and there was no mat or floor covering in the area he fell. *Id.* at 294. Safeway admitted that it knew of the unusually high risk associated with the grape display, which it attempted to counteract with various maintenance measures, including the addition of anti-slip walk-off mats to prevent accidents. *Id.* at 296. The mats were considered necessary and a part of the store's regular maintenance routine because store employees were unable to adequately supervise the floor near the display to ensure it remained free of grapes. *Id.* at 294-295. Since Safeway acknowledged its full awareness of the danger of the grape display and had previously taken measures to counteract that known risk, the court held that this was an inference that would satisfy the requirement of notice to Safeway of the grape self-service display as an unreasonably dangerous condition. *Id.* at 296. The court held that the nature of the display—an open, slanted, self-service grape bin with grapes that had fallen or been knocked to the floor by other customers and required an anti-slip mat that was absent at the time of the accident—created an unreasonable risk that customers would slip and the display "constituted a dangerous condition from the moment it was used." *Id.*

Plaintiff contends that the court's holding in *Corbin* should be extended to the water bottle display in the case at hand because both were designed for self-service. According to Plaintiff, since Fiesta created the display and the display was designed for self-service, the water display, like the self-service grape display, should also constitute "a dangerous condition from the moment it was used." (Doc. No. 22 at 11). Plaintiff further argues that this Court, like *Corbin*, should infer that Defendant, by creating the display, had knowledge that the cases of water presented a risk of harm, so it constituted a dangerous condition "from the moment it was set up."[4] (*Id.*).

---

[4] It is worth noting that based on Plaintiff's logic, nearly everything in a grocery store would be a self-service product and therefore an unreasonably dangerous condition. Removing a box of cereal from a shelf requires customers to retrieve it themselves. Pushing a cart requires a customer to navigate it throughout the store on their own. If Plaintiff's argument were sound, it would be contrary to decades of Texas premises liability jurisprudence and would subject

9

Plaintiff, however, cherry picks the court's holding in *Corbin* and disregards crucial facts that distinguish it from the dispute at hand. Although Plaintiff argues that the court's holding in *Corbin* extends to all displays that may be designed for self-service, this Court does not agree with such a broad reading.

First, Safeway admitted that at the time of Corbin's fall, it already knew of the unusually high risk associated with its grape display. *Corbin*, 648 S.W.2d. at 296. Here, there is no evidence Fiesta Mart created the display or if it did, that it had not been altered by customers. Moreover, Plaintiff has presented no evidence that Fiesta Mart had any reason to believe that the water bottle display constituted an unreasonably dangerous condition. There is no evidence of previous reports of accidents or dangers associated with the water bottle display that could have placed Fiesta Mart on actual or constructive notice. There is not even evidence that Fiesta Mart created this water display. It could have been done by the water delivery company or re-arranged by a customer.

Second, Corbin prevailed on this issue because he was able to show that Safeway had knowledge of a foreseeable harm. *Id.* Despite knowing that there was a high risk of customer falls associated with the grape display and an anti-slip mat was necessary, Safeway failed to take ensure one was present at the time of the accident. *Id.* Here, again, Plaintiff brings forth no evidence. Even assuming that a foreseeable harm existed, Defendant had no reason to possess knowledge of it because the water bottle display had never previously injured anyone.

Further, although Plaintiff may argue that Defendant had a duty to use plastic sheeting on its water display akin to the anti-slip mats used in *Corbin*, Plaintiff presents no evidence that such sheeting was a standard practice at any grocery store, that the lack of sheeting was negligent, or that such sheeting would mitigate the risk of an accident. In *Corbin*, Safeway employees testified

---

premises owners to strict liability for any allegedly dangerous condition on their premises—a view that the Texas Supreme Court has consistently rejected. *Wal-Mart Stores v. Reece*, 81 S.W.3d 812, 816 (Tex. 2002).

that the anti-slip mats were a part of the store's regular maintenance routine because the store was aware of the risk associated with the display. *Id.* at 297. Here, there is no evidence that Fiesta Mart was aware of any risk associated with the water bottle display. Thus, there is no evidence suggesting a reason for Fiesta Mart to have used sheeting—or any other suggested mitigation measure. Plaintiff merely suggesting improvements to a situation is not evidence to support any element of a premises case.

In addition, even viewing the evidence in the light most favorable to Plaintiff, she presented no evidence that the water bottle display posed an unreasonable risk of harm and relied solely on *Corbin* in her briefings. She also presented no evidence of any knowledge by Fiesta Mart. Without evidence to create an issue of material fact, the Court finds that Plaintiff has also failed to satisfy this element of her premises liability claim.

### 3. Plaintiff Fails to Raise A Fact Issue As To Proximate Cause

Defendant also argues that there is no evidence that any alleged tortious conduct by Defendant proximately caused the accident. The Court agrees. Defendant cites to Plaintiff's deposition testimony again, where she admitted that she has no evidence that the incident was caused by an unreasonably dangerous condition on the premises. (Doc. Nos. 20 at 6; 20-2 at 25:1-5). Furthermore, Defendant argues Plaintiff has offered no evidence to show that it was the condition of the water bottle display, rather than her own actions in removing a case of water from the "middle" of the display, that caused her injuries. (*Id.*).

In response, Plaintiff does not offer any specific evidence to establish proximate cause, but rather repeats the previous arguments. Plaintiff contends that since Defendant created the allegedly dangerous condition (again, without evidence it did) and the condition allegedly injured Plaintiff (again, without evidence it did), this is evidence establishing proximate cause regarding Plaintiff's

injury. (Doc. No. 22). Without additional evidence from Plaintiff, this Court does not find that there is a genuine issue of material fact as to proximate cause. Importantly, there is no evidence that any of the suggested "fixes" to the display would have made a difference. Stated differently, there is no evidence that the lack of those suggested remedies caused the alleged incident.

### IV. Conclusion

As previously discussed, Plaintiff fails to raise an issue of material fact that the water bottle display was an unreasonably dangerous condition or that the Defendant had actual or constructive knowledge of this alleged dangerous condition. Further, absent evidence that Defendant knew or reasonably should have known of the allegedly unreasonably dangerous condition, Plaintiff also fails to raise an issue of material fact that Defendant failed to exercise reasonable care to reduce or eliminate the risk. There is also no evidence of either element of proximate cause—foreseeability or cause-in-fact.

Plaintiff has failed to bring forth sufficient summary judgment evidence to raise an issue of material fact on either a theory of liability, unreasonably dangerous condition, and causation; therefore Defendant's Motion must be granted.

For the foregoing reasons, the Court **GRANTS** Defendant's Motion for Summary Judgment. The case is hereby dismissed with prejudice. All other pending motions are denied as moot.

Signed at Houston, Texas, this 13 day of January, 2023.

Andrew S. Hanen
United States District Judge